**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4488**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ABIOLA O. OGINNI, a/k/a ABS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00077-RJC-3)

Submitted: May 22, 2017                        Decided: May 30, 2017

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

William David Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abiola O. Oginni pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (2012). The district court sentenced Oginni to one year and one day of incarceration. The district court also ordered restitution in the amount of $58,000 to be paid immediately. Oginni's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the Government breached the plea agreement by failing to recommend a particular base offense level and whether the district court's restitution award is too high. Oginni was notified of his right to file a pro se supplemental brief but has not done so. After our *Anders* review, we ordered the parties to file supplemental briefs addressing (1) whether the Government breached the plea agreement in its discussion of the base offense level during the plea hearing and, if so, whether the district court committed plain error in accepting the guilty plea; and (2) whether the district court committed plain error in failing to consider Oginni's financial resources and assets pursuant to 18 U.S.C. § 3664(f)(2) (2012), before ordering Oginni's restitution to be paid immediately. We affirm in part, vacate in part, and remand for further proceedings.

Because Oginni did not raise the breach of plea agreement issue in the district court, we review for plain error. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). "Plain error analysis has four prongs: (1) there must be an error; (2) the error must be plain; (3) the appellant's substantial rights must be affected by the error; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal

quotation marks omitted). "A defendant's substantial rights are affected if the error 'affected the outcome of the district court proceedings.'" *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). "The defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway or because he likely would not have obtained those benefits in any event." *Id.* (alterations and internal quotation marks omitted).

We conclude that the Government breached the plea agreement by failing to recommend to the district court that Oginni's offense level was six. *See United States v. Warner*, 820 F.3d 678, 683-84 (4th Cir. 2016) (finding breach where Government promised to make sentencing recommendation and later acknowledged to court that recommendation was erroneous but asked court to honor the agreement). The district court stated at sentencing, however, that it would correctly apply the Sentencing Guidelines regardless of the parties' recommendations and assessed Oginni's correct base offense level. We therefore conclude that the breach did not affect Oginni's substantial rights, and we affirm Oginni's conviction.

With regard to the restitution order the Government argues that Oginni's appeal waiver bars his challenge. Because "we will not enforce an otherwise valid appeal waiver against a defendant if the government breache[s] the plea agreement containing that waiver," *United States v. Cohen*, 459 F.3d 490, 495 (4th Cir. 2006), we conclude that the waiver does not bar Oginni's appeal. We review the district court's restitution order for

plain error because Oginni did not object to the order in the district court. *United States v. Seignious*, 757 F.3d 155, 160 (4th Cir. 2014). Under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A to 3664 (2012), "a sentencing court must 'order restitution to each victim in the full amount of each victim's losses as determined by the court.'" *United States v. Grant*, 715 F.3d 552, 554 (4th Cir. 2013) (quoting 18 U.S.C. § 3664(f)(1)(A)). We conclude that the district court did not plainly err in ordering restitution in the amount of $58,000.

The MVRA also requires the district court, after ordering full restitution, to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," considering the defendant's "financial resources and other assets[,] . . . projected earnings and other income," and other "financial obligations." 18 U.S.C. § 3664(f)(2). The district court must make factual findings regarding a defendant's ability to pay before ordering restitution due immediately. *United States v. Dawkins,* 202 F.3d 711, 716-17 (4th Cir. 2000). In this case, nothing in the record indicates that the district court considered Oginni's finances before ordering restitution to be paid immediately. It further appears from the record that Oginni is unable to pay restitution immediately. Accordingly, we vacate the district court's restitution order and remand so that the district court may address Oginni's ability to pay.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm in part, vacate in part, and remand for further proceedings. This court requires that counsel inform Oginni, in

4

writing, of the right to petition the Supreme Court of the United States for further review. If Oginni requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oginni.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
